FINAL COPY
294 Ga. 723

S14Y0296. IN THE MATTER OF ERIC JEROME CARTER.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary surrender of license filed by Respondent Eric Jerome Carter (State Bar No. 113916), who was admitted to the Bar in 2000. Carter filed the petition pursuant to Bar Rule 4-227 (b) before the filing of a formal complaint. He urges the Court to accept his petition in order to resolve three pending disciplinary matters in which he admits, collectively, to violating Rules 1.2, 1.3, 1.4, 1.15 (I), 3.2, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum punishment for such violations is disbarment.

In his petition, Carter, who asserts that he has a prior disciplinary history consisting of a confidential letter of admonition in 2006 and a confidential reprimand issued by the Investigative Panel of the State Disciplinary Board in 2008, admits that in two separate matters he was appointed to represent defendants in post-conviction criminal proceedings and that although he timely filed appeals in these two cases, he failed to take sufficient steps to ensure that the necessary transcripts were transmitted to the court, failed to take the actions

necessary to proceed with his clients' appeals, and, in one case, failed to communicate with his client about the status of his appeal, thereby causing harm to the client. Further, Carter admits that when one of those clients filed a grievance with the State Bar, he had interactions with representatives from the Bar in which he made misrepresentations. With regard to the third matter, Carter asserts that he represented an entire family in personal injury claims arising from an automobile accident in which the parents and their two children were injured. Carter filed suit in March 2010 after the family was not satisfied with the initial settlement offer. The father later authorized Carter to settle the claims for the originally-offered amounts provided that a chiropractor's bill would be reduced by 40%. The insurer sent Carter settlement checks and full releases for each client and in spite of the insurer's direction that the checks not be negotiated until the releases were executed, Carter deposited the checks into his trust account. Carter notified the father that he had received the checks, and negotiated some reductions of the family's medical bills, but did not provide his client with any documentation or with any information about liens as to the medical bills. Carter represents that to date, he has not obtained the family's signatures on any releases, and has not disbursed any payments to them. He

2

asserts that he is still working, with the assistance of another attorney, to settle this case. The State Bar has no objection to the petition for voluntary surrender.

We have reviewed the record and accept Carter's petition for voluntary surrender of his license to practice law, which is tantamount to disbarment, see Bar Rule 4-110 (f). Accordingly, the name of Eric Jerome Carter hereby is removed from the rolls of persons entitled to practice law in the State of Georgia. Carter is reminded of his duties under Bar Rule 4-219 (c).

Voluntary surrender of license accepted. All the Justices concur.

Decided March 3, 2014.

Voluntary surrender of license.

Theresa S. Starkes, for Carter.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant Geneal Counsel State Bar, for State Bar of Georgia.